**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald Lee PHILLIPS, Defendant— Appellant.**

No. 06–30393.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2007.[*]

Filed Aug. 22, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**436**

Retta Rae Randall, Esq., U.S. Attorney, Asst. U.S. Attorney, Jo Ann Ferrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Meredith Appel Ahearn, Esq., Hagans Ahearn & Webb, Anchorage, AK, for De-fendant–Appellant.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Phillips appeals from the district court's amended judgment requiring that he make restitution to the Department of Veterans Affairs (VA) in the amount of $247,275.57. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's restitution order for an abuse of discretion. *United States v. Lomow*, 266 F.3d 1013, 1020 (9th Cir.2001). The district court's valuation methodology is reviewed de novo while its underlying factual findings are reviewed for clear error. *Id.*

The district court did not clearly err by crediting Vandersnick's and Wethering-ton's testimony. That testimony was "plausible in light of the record viewed in its entirety." *United States v. Gust*, 405 F.3d 797, 799 (9th Cir.2005) (quotations and citation omitted). The district court also did not clearly err by finding that certain buses had no value as of September 18, 2002. *See United States v. Welp*, 469 F.2d 688, 688 (9th Cir.1972) (holding that "[a] definite and firm conviction that a mistake was committed below is a prereq-uisite to appellate reversal" of a district court's finding of fact (internal quotations and citation omitted)). Phillips also fails to show that the district court clearly erred by giving "little weight" to testimony concerning whether certain buses could have been sold for parts or improved. In the absence of contrary evidence, the let-ter attached to the strike-price contract is sufficient to support the district court's finding that Wetherington served as Phil-lips's agent at the time the strike-price contract was entered.

Finally, the district court could have in-ferred that Phillips overpaid for the buses from the testimony of the government's expert witnesses as well as Phillips's own testimony that he purchased the buses in

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.

"a last and desperate and arguably foolish attempt to achieve lifetime success."

Because Phillips's challenges to the district court's findings all fail, we hold that the district court did not abuse its discretion by requiring in its judgment that Phillips make restitution in the amount of $247,275.57.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.